**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PENG SEE, | No. 11-16194 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01751-GSA |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

Submitted August 24, 2012[**]

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

Peng See ("See") appeals the district court's order affirming the decision of

the administrative law judge ("ALJ") denying her application for disability

benefits. We review de novo the district court's order affirming the ALJ's denial

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of benefits. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We may reverse the Commissioner's decision only if it is not supported by substantial evidence or is based on legal error. *Id.* We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.[1]

See argues that the ALJ improperly rejected the opinion of Dr. Lessenger, her examining psychologist. An ALJ must provide specific and legitimate reasons supported by substantial evidence to reject the contradicted opinion of a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). The ALJ failed to do so here.

The ALJ did not provide adequate reasons for rejecting the opinion of Dr. Lessenger. The ALJ did not address Dr. Lessenger's diagnoses of PTSD and Depressive Disorder NOS, but by not finding that See had a medically determinable mental impairment, he implicitly and erroneously rejected those diagnoses without setting forth specific and legitimate reasons for doing so. *See Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). Moreover, the ALJ's finding that Dr. Lessenger could not determine the nature or severity of See's impairments because of See's lack of cooperation and symptom magnification is

---

[1] Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

not legitimate or supported by substantial evidence because it is based on a mischaracterization of Dr. Lessenger's report. *See id.* at 1465-66. Further, the ALJ's statement that Dr. Lessenger did not render an opinion about signs, symptoms, and limitations based on See's PTSD and depression is factually inaccurate and is therefore not a legitimate reason supported by substantial evidence. *See Orn v. Astrue*, 495 F.3d 625, 634-35 (9th Cir. 2007). Finally, the ALJ impermissibly focused on portions of Dr. Lessenger's report that supported a finding of nondisability while ignoring those that would support a finding that See was disabled. *See Edlund v. Massanari*, 253 F.3d 1152, 1158-59 (9th Cir. 2001).

We reverse and remand for further proceedings so that the ALJ can fully consider Dr. Lessenger's opinion. Upon a proper evaluation of Dr. Lessenger's opinion, the ALJ should engage in and document the psychiatric review technique required by 20 C.F.R. § 416.920a, review all credibility issues, and proceed in the sequential steps as necessary to evaluate See's claim. On remand the ALJ is free to revisit the opinions of See's treating physician and examining physician to determine their impact, if any, on the reevaluation of Dr. Lessenger's opinion.

**REVERSED and REMANDED.**

3